IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| JEROME CLARKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 605-082 |
| | ) | |
| UNITED STATES SECRETARY OF THE | ) | |
| INTERIOR and NATION OF ISLAM, | ) | |
| CHRISTIAN CHILDREN FUND: BOARD | ) | |
| OF DIRECTORS AND BOARD OF | ) | |
| TRUSTEES IN THEIR PERSONAL | ) | |
| CAPACITIES, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jerome Clarke, an inmate currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia seeks leave to proceed *in forma pauperis* ("IFP") in the above-captioned civil rights case. When Plaintiff last filed a civil rights complaint in this District, he was denied leave to proceed IFP because he had accumulated three "strikes" under 28 U.S.C. § 1915(g), and the Honorable B. Avant Edenfield, United States District Court Judge for the Southern District of Georgia, directed that upon Plaintiff's next frivolous-case filing, Plaintiff be considered for "28 U.S.C. § 1915(g)-*plus*" treatment.[1]

---

[1] If "28 U.S.C. § 1915(g)-*plus*" status is accorded to Plaintiff, the Clerk will refer all future filings from Plaintiff directly to Judge Edenfield for exclusive treatment, and until Plaintiff pays his accrued § 1915 fee debt to the Court, the Clerk shall accept no further filings of any kind unless they fit into one of the tightly circumscribed categories described herein

Clarke v. Ballard, 6:2004-cv-00070 (S.D. Ga. Sept. 23, 2004), doc. no. 17. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED**, that the instant action be **DISMISSED** without prejudice, and that Plaintiff be accorded "28 U.S.C. § 1915(g)-*plus*" status

I. **CURRENT CASE**

Plaintiff originally filed the above-captioned case in the United States District Court for the District of Columbia. Clarke v. Secretary of Interior, 1:05-cv-00929-UNA (D.D.C. May 9, 2005) The case was then transferred from the District of Columbia to the Middle District of Georgia. Clarke v. Secretary of Interior, 5.05-cv-00237-CAR (M.D Ga. July 12, 2005) Upon its arrival in the Middle District, the case was again transferred, this time to its final destination in the Southern District of Georgia.

Upon review of the complaint, it appears that Plaintiff is complaining that he has, at various times in the past (1983 and 1988), contributed money to a charitable organization run by the Nation of Islam that was supposed to advocate for victims of child abuse. However, the charitable organization has not operated as Plaintiff desires, and he wants to be reimbursed, with interest, for his contributions. Furthermore, he wants the funds of the Nation of Islam-run charity to be frozen pending further investigation of its financial dealings. Plaintiff also requests that "the defendants be enjoinment [sic] to issue me a fiduciary membership card." (Compl., p. 2).

2

As noted above, Judge Edenfield determined in Clarke v. Ballard, 6:2004-cv-00070, that Plaintiff has already accumulated three "strikes" under 28 U.S.C. § 1915(g).[2] Thus, Plaintiff cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). There is nothing in Plaintiff's complaint suggesting that he is in imminent danger of serious physical injury based on the operation of a charity that Plaintiff claims is supposed to be helping victims of child abuse. Accordingly, Plaintiff's request to proceed IFP should be **DENIED**, and this action should be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this action, he must submit a new complaint along with the full filing fee. Dupree v. Palmer, 284 F 3d 1234, 1236 (11th Cir. 2002) (*per curiam*)

Determining the Plaintiff should not be allowed to proceed IFP in this case does not, however, end the Court's analysis. For Judge Edenfield has instructed that upon Plaintiff's next frivolous-case filing, he should be considered for "28 U.S.C. § 1915(g)-*plus*" status. Thus, the Court turns to whether Plaintiff's complaint is frivolous

"Regardless of whether a complaint states a claim, determining when an action is frivolous calls on the district court to exercise its discretion." Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990). "[A] complaint, containing as it does both factual

---

[2]The Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

3

allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolity is found if the legal theories raised are independently meritless or the factual contentions are "clearly baseless." Id. at 327 Frivolous claims also include claims "describing fantastic or delusional scenarios." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir 2001). In addition, "[o]n the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered " Id. at 1350. Furthermore, a complaint is frivolous "when it appears the plaintiff has little or no chance of success."[3] Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*) (citations omitted).

Liberally construing Plaintiff's allegations in his favor, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint is frivolous. Plaintiff provides no coherent details explaining how this charity has allegedly been mismanaged or has otherwise committed "a clear violation of the United States Federal Communication Commission Regulatory Nuisance" (Compl., p. 1), let alone how his contributions made twenty to twenty-five years ago provide a basis for him to challenge in federal court the management practices now utilized. His conclusory allegations are not supported by specific facts, and there is nothing to suggest that the running of the charity has anything to do with Plaintiff. Moreover, as discussed in more detail below, the Court is also aware of Plaintiff's long history of bringing unmeritorious litigation. Thus, the Court

---

[3] "Arguable means capable of being convincingly argued. An action or claim in which 'the plaintiff's realistic chances of ultimate success are slight' is not one capable of being convincingly argued." Moreland, 899 F.2d at 1170 (citation omitted).

concludes that Plaintiff's complaint is frivolous and now turns its attention to whether Plaintiff should be accorded "28 U.S.C.(g)-*plus*" status.[4]

## II. PLAINTIFF'S FILING HISTORY

Plaintiff is no stranger to the courts. Having reviewed Plaintiff's history of case filings, the Court has discovered at least thirty-five (35) cases, dating back to 1990, that Plaintiff has filed in the federal courts;[5] a review of the dockets in these cases shows that none were ultimately decided in Plaintiff's favor.[6] At least sixteen (16) cases covered by these 35 filings were dismissed prior to service of the complaint on any defendant or as a result of a motion to dismiss filed by a defendant.[7] Of the total 35 unsuccessful cases, at least eleven (11) originated in the Southern District of Georgia.[8] In fact, Plaintiff has only had one

---

[4]As the complaint is frivolous, there is no need to hold the evidentiary hearing requested by Plaintiff, and therefore, the motion for a hearing should be **DENIED**. (Doc. no. 7).

[5]This number does not include the nine federal habeas corpus cases that Plaintiff has also filed. See, e.g., Clarke v. Smith, 3:2005-cv-00019 (M.D. Ga. Mar. 24, 2005), Clarke v. Sikes, 3:1997-cv-00035 (M.D. Ga. Mar. 31, 1997).

[6]These cases have been filed not only in the Southern District of Georgia, but also in the Northern District of Georgia, the Middle District of Georgia, and the District of Columbia. See, e.g., Clarke v. Miller, 1:1996-cv-00164 (N.D. Ga. Jan. 23, 1996); Clarke v. Clarke County Jury Comm'rs, 3:94-cv-00063 (M.D. Ga June 28, 1994); Clarke v. Athens Area Tech. Bd of Trustees, 1:03-cv-02137-UNA (D. D.C. Oct. 16, 2003).

[7]See, e.g., Clarke v. MGM Movie Studios, 6:2000-cv-00123 (S.D. Ga. Nov. 20, 2000) (dismissed for failure to state a claim); Clarke v. Miller, 3:1990-cv-00078 (M.D. Ga. Oct. 10, 1990) (dismissed upon defendant's motion).

[8]These 11 cases originating in the Southern District are: Clarke v. Ballard, 6:2004-cv-00070 (S.D. Ga. June 21, 2004); Clarke v. Lableu, 6:2002-cv-00073 (S.D. Ga. July 11, 2002); Clarke v. Georgia State Prison, 6:2001-cv-00094 (S.D. Ga. Aug. 1, 2001); Clarke v. Georgia Dep't of Corr., 6:2001-cv-00046 (S.D. Ga Apr. 3, 2001); Clarke v. MGM Movie Studios, 6:2000-cv-00123 (S.D. Ga. Nov. 20, 2000); Clarke v. King, 6:2000-cv-00112 (S.D.

case in this District advance beyond the preliminary stages, and Plaintiff ended up filing a motion to voluntarily dismiss the case after the defendants filed a dispositive motion for summary judgment. Clarke v. Whitworth, 6:1991-cv-00010 (S.D. Ga. Jan. 24, 1991).

Plaintiff's overwhelming urge to flood the courts with his filings is also demonstrated by his persistence, despite attaining "three-strike" status under 28 U.S.C. § 1915(g), in continuing to bring lawsuits with the apparent hope that perhaps one of the courts in which his filings land will not be aware of his three "strikes." In fact, the Court has discovered fourteen (14) cases that did not proceed beyond an application to proceed IFP because the courts recognized that Plaintiff had accumulated three strikes under 28 U.S.C § 1915(g).[9] Of these 14 cases, five (5) - exclusive of this case - originated in the Southern District of Georgia.[10]

Despite Plaintiff's voluminous filings, the judges of this District have been diligent in preventing him from proceeding with any case without payment of the entire filing fee in the absence of a meritorious allegation of imminent danger as provided in 28 U.S.C. §

---

Ga. Oct. 26, 2000); Clarke v. Sikes, 6:2000-cv-00031 (S.D. Ga. Apr. 7, 2000); Clarke v. Sikes, 6:1999-cv-00064 (S.D. Ga. Mar. 17, 1999); Clarke v. Sikes, 6:1999-cv-00010 (S.D. Ga Jan. 6, 1999); Clarke v. Sikes, 6:1997-cv-00115 (S.D. Ga. Sept. 8, 1997); Clarke v Whitworth, 6:1991-cv-00010 (S.D. Ga. Jan. 24, 1991). Moreover, as exemplified by the case currently before the Court, Plaintiff has also been known to improvidently file a case in another district court that is eventually transferred to this District for disposition.

[9]See, e.g., Clarke v. Georgia Dep't of Corr., 1:2004- cv- 00044 (N.D Ga. Jan. 7, 2004).

[10]See Clarke v. Ballard, 6:2004-cv-00070 (S.D. Ga. June 21, 2004); Clarke v. Lableu, 6:2002-cv-00073 (S.D. Ga. July 11, 2002); Clarke v. Georgia State Prison, 6.2001-cv-00094 (S.D. Ga. Aug. 1, 2001); Clarke v. Georgia Dep't of Corr., 6:2001-cv-00046 (S.D. Ga. Apr. 3, 2001), Clarke v. King, 6:2000-cv-00112 (S.D Ga. Oct. 26, 2000).

1915(g), and consequently Plaintiff has only amassed a filing debt of $ 450.00 in the Southern District of Georgia.[11] While Plaintiff's accrued debt is relatively small, his constant filings have nonetheless burdened the Court insofar as it must look at his pleadings and determine whether Plaintiff has, in fact, properly alleged that he is in imminent danger. As the Eleventh Circuit has explained, "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge." Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir. 1986) (*en banc*) (*per curiam*) Plaintiff's barrage of filings and constant, needless consumption of judicial resources make it necessary to consider the option of recommending that the District Court fulfill its "constitutional obligation to protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions." Id. at 1073. Indeed, the federal judiciary is obligated to allocate its "resources so as to assure that the interests of justice are served and the courthouse doors remain open to all, not simply to the relentless." Milanovich v. Smith, 6:2001-cv-00085, doc. no. 13, p. 3 n.5 (S.D. Ga. Sept. 12, 2001) (Edenfield, J.).

This Court is not the first to face the problem of vexatious litigation brought by a "serial filer" of prisoner lawsuits. The Seventh Circuit Court of Appeals ruled that efforts by a § 1983 prisoner/plaintiff "to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant

---

[11] Attached to this Report and Recommendation as Exhibit "A" is a computer printout of the fees currently owed by Plaintiff in this District, as recorded in the Court's computer system. This $ 450.00 is clearly a conservative number that does not reflect all of Plaintiff's filings, including the $ 250.00 filing fee for this case.

will lead to immediate termination of the suit." Sloan v. Lesza, 181 F.3d 857, 859 (7th Cir. 1999). Furthermore, the Sloan court warned that "unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding future litigation." Id. The Seventh Circuit decided that the plaintiff's filing of more than ten cases that were dismissed as frivolous constituted an abuse of the judicial process that warranted a two-year bar on the plaintiff from filing any further papers with the court until he paid in full all outstanding fees and sanctions in all of the civil actions he had filed. That prohibition, however, could be revisited upon a motion filed by the plaintiff after two years, and it did not apply to criminal cases or petitions challenging the terms of his confinement. Id.

The Southern District of Georgia has followed the example set by the Seventh Circuit in Sloan. In Milanovich v. Smith, a § 1983 prisoner/plaintiff who had filed seventeen (17) cases in the Southern District and fifty-four (54) cases in the federal courts in Georgia, was branded an "abusive, serial filer" undeterred by § 1915(g). The prisoner had amassed $1,470.00 in unpaid fee debt to the Court and misused tax dollars to support his paper and postage costs in order to send his filings to the Court. Milanovich, 6:2001-cv-00085, doc. no. 13, p. 3 n.3. Relying upon the prisoner's ability to present his constitutional claims in state court,[12] the Court barred him from filing in federal court, *even in cases with an imminent harm allegation*, until he paid his $1,470.00 outstanding debt to the Court, except filings in criminal proceedings brought against him and except a timely filed motion for reconsideration of the order that barred him. Id. at 5-6 (emphasis added).

---

[12] The Court made an exception to the "plus" bar by permitting the prisoner to file a non-frivolous case in federal court if he was able to demonstrate that he was denied access to the state courts to present his constitutional claims there.

8

In the second case, a prisoner/plaintiff had only amassed, despite filing sixteen (16) cases in the Southern District, a fee debt of $64.00.[13] Heard v. Wetherington, 6:2003-cv-00002 (S D. Ga. Feb. 13, 2003), doc. no. 3, p. 2 & doc. no. 8, p. 1 n.1. Nonetheless, that prisoner, too, was accorded "28 U.S.C. § 1915(g)-*plus*" status based on his filing history. In a third case, a prisoner/plaintiff had only amassed, despite filing thirteen (13) cases in the Southern District, a fee debt of $ 428.33. Carswell v. Moxley, 6:2002-cv-00138, doc no. 18, pp 2-3 (S.D. Ga. May 21, 2003). That prisoner, too, was accorded "28 U.S.C. § 1915(g)-*plus*" status based on his filing history.

As in the case at hand, the prisoner in both Heard and Carswell had not filed a single meritorious claim despite his prolific attempts to do so.[14] Moreover, Plaintiff in this case has, as did the prisoners in Milanovich, Heard, and Carswell, needlessly consumed the resources of the Court, and shows no sign of slowing down. In sum, just as in Milanovich, Heard, and Carswell, Plaintiff has abused the judicial process, as well as his access to the courts, and deserves to be deemed an abusive, serial filer who warrants "§ 1915(g)-*plus*" status.

---

[13]As noted in Heard, the actual filing fee debt is not dispositive of the issue of according Plaintiff "§ 1915(g)-*plus* status" because the Court and its staff must still invest its time and resources to initially review Plaintiff's barrage of filings. While the judges of the Southern District of Georgia have been consistently diligent in denying Plaintiff IFP status pursuant to § 1915(g) and have prevented Plaintiff from accruing a larger filing fee debt than $ 450.00, the judiciary cannot expect to be penalized for its diligence.

[14]The prisoner in Heard had filed a total of forty-two (42) cases in the federal courts in Georgia. The prisoner in Carswell had filed a total of thirty-nine (39) civil actions in the federal courts in Georgia. As noted above, Plaintiff in this case has filed at least 35 civil actions in several federal district courts.

9

The Court recognizes that Plaintiff can vindicate any "imminent harm" or other constitutional claims in State court. See, e.g., Howard v. City of Columbus, 239 Ga. App. 399, 402-06 (1999) (analyzing Eighth Amendment claim brought in state court pursuant to 42 U.S.C. § 1983). Satisfied that Plaintiff's rights will be well-guarded there, this Court must make an effort to "protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions," Procup, 792 F.2d at 1073. In that vein, the Court recommends that the District Court invoke "its inherent powers 'to take the rattle from the baby. . . .'" Milanovich, 6:2001-cv-00085, doc. no. 13, pp. 3-4 (quoting Washington v. Alaimo, 934 F. Supp. 1395, 1400-01 (S.D. Ga. 1996))

Therefore, the Court **REPORTS** and **RECOMMENDS** that until Plaintiff has paid his full filing fee debt to this Court, Plaintiff Jerome Clarke be **DEEMED** an abusive, serial filer who is accorded "28 U.S.C. § 1915(g)-*plus*" status and that the **CLERK OF COURT** be directed to return unfiled all papers Plaintiff hereafter tenders, including any "letters," see In re Unsolicited Letters to Federal Judges, 120 F Supp. 2d 1073 (S.D Ga. 2000), except (1) filings in any criminal proceeding brought against him; (2) a timely filed reconsideration motion showing why this sanction should not be applied to him; and (3) any filing that argues that Plaintiff has been denied access to the state courts.[15] The Court **FURTHER REPORTS**

---

[15]This Court need not be delayed by any claims that this recommendation would prevent Plaintiff from submitting proper habeas corpus claims because, as noted in footnote 5, *supra*, Plaintiff has already filed at least nine habeas corpus cases. Thus, Plaintiff must obtain permission to file a successive petition from the Eleventh Circuit. 28 U.S.C. § 2244(b)(3)(A). In the event that this Court receives an order from the Eleventh Circuit authorizing it to consider an application from Plaintiff, it will do so.

and **RECOMMENDS** that all future filings from Plaintiff which fit into one of these three categories be sent directly to Judge Edenfield for exclusive treatment.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's current motion to proceed IFP and motion for an evidentiary hearing be **DENIED**, and that this case be **DISMISSED** without prejudice. The Court also **REPORTS** and **RECOMMENDS** that Plaintiff be accorded "28 U.S.C § 1915(g)-*plus*" status and that all of his future filing in this District be handled in accordance with the instructions set forth on pages 10 and 11 of this Report and Recommendation.

SO REPORTED and RECOMMENDED this ⟨22nd⟩ day of August, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

FEDERAL COURT SYSTEM
SOU DIST OF GEORGIA

PAYMENT HISTORY FOR PLRA ACCOUNTS
PAYOR, JCLAR

Report Date 08/04/05
Report Time 08 58
Page No : 1

| PAYOR NO | PAYOR NAME | NO | INVOICE DATE | TYPE | FUND | TOTAL OWED | RECEIPT DATE | NUMBER | AMOUNT | BALANCE |
|---|---|---|---|---|---|---|---|---|---|---|
| JCLAR | JEROME CLARKE-EF146018 | *** | 04/12/00 | CF | 5100PL | 90 00 | | | 0.00 | 90 00 |
| | CV600-31 | *** | 04/12/00 | CF | 0869PL | 60.00 | | | 0.00 | 60.00 |
| | | *** | 09/03/98 | CF | 5100PL | 90 00 | 10/05/00 | 40019853901 | 2.00 | 0 00 |
| | | | | | | | 08/11/00 | 40019810801 | 10.00 | 0 00 |
| | | | | | | | 07/12/00 | 40019787801 | 2.00 | 0 00 |
| | | | | | | | 09/03/98 | 40019173801 | 6.00 | 0.00 |
| | | | | | | | 10/13/98 | 40019211702 | 8.00 | 0 00 |
| | CV 697-115 | | | | | | 12/14/98 | 40019260601 | 8.00 | 0.00 |
| | | | | | | | 01/13/99 | 40019288901 | 2.00 | 0.00 |
| | | | | | | | 03/10/99 | 40019347801 | 30.00 | 0.00 |
| | | | | | | | 07/07/99 | 40019465407 | 4 00 | 0.00 |
| | | | | | | | 10/08/99 | 40019555106 | 14 00 | 0.00 |
| | | | | | | | 01/10/00 | 40019633011 | 4 00 | 0.00 |
| | | >> Invoice Total << | | | | | | | 90 00 | 0 00 |
| | | *** | 09/03/98 | CF | 0869PL | 60.00 | 06/07/01 | 40020070101 | 16 00 | 0.00 |
| | | | | | | | 04/04/01 | 40020007802 | 18.00 | 0.00 |
| | | | | | | | 03/05/01 | 40019983501 | 10.00 | 0.00 |
| | | | | | | | 11/03/00 | 40019878001 | 10.00 | 0.00 |
| | | | | | | | 10/05/00 | 40019853902 | 6.00 | 0.00 |
| | | >> Invoice Total << | | | | | | | 60.00 | 0 00 |
| | | *** | 05/21/98 | CF | 0869PL | 105.00 | 05/20/98 | 40018207401 | 8.00 | 0.00 |
| | | CV 697-115 | | | | | 04/04/01 | 40020007801 | 2.00 | 0.00 |
| | | NOA | | | | | 01/05/01 | 40019928701 | 9.00 | 0 00 |
| | | | | | | | 12/06/00 | 40019907001 | 10.00 | 0.00 |
| | | | | | | | 09/06/00 | 40019829101 | 10.00 | 0.00 |
| | | | | | | | 07/11/00 | 40019786713 | 13.00 | 0.00 |
| | | | | | | | 07/27/98 | 40019141503 | 6.00 | 0.00 |
| | | | | | | | 05/07/99 | 40019406001 | 8.00 | 0.00 |
| | | | | | | | 08/06/99 | 40019500410 | 5.00 | 0.00 |
| | | | | | | | 09/08/99 | 40019528805 | 4.00 | 0.00 |
| | | | | | | | 03/07/00 | 40019685102 | 20.00 | 0.00 |
| | | | | | | | 05/08/00 | 40019734303 | 10.00 | 0.00 |
| | | >> Invoice Total << | | | | | | | 105.00 | 0 00 |
| | CV699-10 | *** | 08/09/00 | CF | 5100PL | 90 00 | | | 0.00 | 90.00 |
| | | *** | 08/09/00 | CF | 0869PL | 60.00 | | | 0.00 | 60 00 |
| | | *** | 04/28/99 | CF | 5100PL | 90.00 | | | 0 00 | 90.00 |
| | CV699-64 | *** | 04/28/99 | CF | 0869PL | 60.00 | | | 0 00 | 60.00 |
| | | >> Payor Total << | | | | 705.00 | | | 255.00 | 450.00 |

EXHIBIT A

```
*************** INVOICE ****************  ************* RECEIPT *************
PAYOR NO. PAYOR NAME            NO. DATE    TYPE FUND  TOTAL OWED    DATE    NUMBER    AMOUNT      BALANCE
========  ====================  === =====   ==== ====  ==========  ========  ========  ==========  ==========

                                                       ----------                      ----------  ----------
>> FUND TOTALS <<                                5100PL    360.00                          90.00      270.00
                                                 0869PL    345.00                         165.00      180.00
                                                       ----------                      ----------  ----------
>> REPORT TOTALS <<                                        705.00                         255.00      450.00
```

# United States District Court
## Southern District of Georgia

CLARKE )
 )
vs ) CASE NUMBER CV 605-082
 )
U.S. SECRETARY OF INTERIOR ) DIVISION STATESBORO
 )

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 08/22/05, which is part of the official record of this case

Date of Mailing 08/22/05

Date of Certificate [X] same date, or _____

Scott L Poff, Clerk

By: *Joe Howell*
Joe Howell, Deputy Clerk

**Name and Address**
JEROME CLARKE SERVED @ PRISON ADDRESS

☐ Copy placed in Minutes
[X] Copy given to Judge
[X] Copy given to Magistrate